Opinion of the court by
Chief Justice Shakkev.
Culbertson sued out an attachment for rent, against the goods and chattels of J. D. Cornell, which was levied, and Cornell entered into bond with the other appellants, as his securities, to pay the money at the end of three months; and having failed to pay, the appellee moved the circuit court for execution on the bond, according to the statutel The motion was sustained by the court, and execution awarded, from which judgment this appeal was taken.
For the appellants, various objections are made to the regularity of the proceedings below, whilst for the appellee, it is contended that most of these objections, even if well taken, are not before this court in such a way as to present them for adjudication.
The whole of the points made can be disposed of by an expo *271 sition of such portions of the statute as bear upon them, without a separate examination of each.
By the 47th section of the statute, Howard & Hutchinson’s Digest, 559, if an attachment for rent be levied, and the defendant does not replevy after notice, the sheriff may proceed to sell the property, on a credit of three months, taking from the purchaser bond with security for the payment of the money. But if the debtor chooses to replevy, he may do so, by giving bond with security, to pay the money in three months, and the property is then delivered back to him. If the bond of the purchaser of the property, or the bond of the defendant, be not paid when due, then the party to whom the rent is due. may move the court having jurisdiction of the amount, the bond being lodged in such court, to award execution on the bond. This section applies to cases where there is no dispute about the amount due; the giving of the bond being an acknowledgement of the debt. The effect is to delay the payment three months, by giving security. But if the defendant wishes to contest the plaintiff’s right to recover, he may do so by sueing out a writ of replevin, under the 59th section, in which case he also gives bond, conditioned to perform and satisfy the judgment of the court in such suit, in case he be cast. In neither case, is it expressly said to whom the bond shall be payable. By the 47th section, it is provided that the defendant may replevy, “by sufficient security given to the sheriff or proper officer serving such distress.” It seems to be difficult to determine, whether the bond should be made payable to the plaintiff] or to the sheriff, without adopting a rule which may appear to be arbitrary. Indeed, it must be so to some extent, since the law is entirely silent on the subject. The language would as well justify the sheriff in taking the bond, payable to himself, as otherwise. How is the replevy to be made? “ By sufficient security given to the sheriff or proper officer, serving such distress.” To give a bond with security, payable to the plaintiff, would not be giving security to the sheriff, but to the plaintiff, an yet it would evidently comport with the object of the law, to. wit: the indemnity of the plaintiff. The same object may be as well attained, by making the bond payable to the sheriff, with condition to pay the rent to the plaintiff. It is not to be denied that there *272 is great want of harmony in the several sections relating to attachments for rent, but if they can be fairly construed so as to give them effect in carrying out the object of the legislature, such construction should be given. We should not incline to weaken the remedy by a doubtful construction. In this case the bond was made payable to the sheriff, conditioned to pay the rent to the plaintiff, and by the sheriff assigned. It is certain that this is sufficient to entitle the party to his execution, for it is the breach of the condition which gives that right j that condition is to pay him his rent, and it is not certain that it was intended that it should be made differently, and we must accordingly hold it to be good.
If the bond is not paid, by lodging it in the court having jurisdiction, a foundation is laid for the motion, but the law does not in express terms require the proceedings in attachment to be returned to a court, nor is it fairly to be inferred that it was so intended, because by giving bond under the 47th section, the party waives, impliedly, ail further contest. The other proceedings could be of no use. The bond becomes the foundation of a new proceeding. The previous proceedings constitute no part of the case. It would be different, in case a writ of replevin should be taken out; then the affidavit, bond and attachment would come properly before the court. In this case the bond was filed, and notice given, and the defendants appeared and contested the motion. All of the objections taken, except to the bond which has been already noticed, relate to the affidavit made on suing out the attachment and the bond then taken. If these were materia], they should have been embodied in a bill of exceptions, they being no part of the record in the cause. We have repeatedly decided, that we will notice nothing which is not a part of the record proper, unless it be placed there by bill of exceptions, although it may be attached to the record.
Judgment affirmed.